USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/22/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                :

GABRIELLA LUZUNARIS,                     :

                                      Plaintiff,    :       1:23-cv-11137-GHW-RFT

                                      -v-             :              <u>ORDER</u>

BALY CLEANING SERVICES INC., *et al.*,    :

                                     Defendants.   :
------------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

       On July 29, 2024, Magistrate Judge Robyn F. Tarnofsky issued a Report and Recommendation recommending that the Court grant in part and deny in part Defendants' motion to dismiss. Dkt. No. 37 (the "R&R").

       A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise specific, written objections to the report and recommendation within fourteen days of receiving a copy of the report. *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). The Court reviews for clear error those parts of a report and recommendation to which no party has timely objected. 28 U.S.C. § 636(b)(1)(A); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).

       No objection to the R&R was submitted within the fourteen-day window. The Court has reviewed the R&R for clear error and finds none. *See Braunstein v. Barber*, No. 06 Civ. 5978 (CS) (GAY), 2009 WL 1542707, at *1 (S.D.N.Y. June 2, 2009) (explaining that a "district court may adopt those portions of a report and recommendation to which no objections have been made, as long as no clear error is apparent from the face of the record"). The Court, therefore, accepts and adopts

the R&R in its entirety.

In this Circuit, "[i]t is the usual practice upon granting a motion to dismiss to allow leave to replead." *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). Leave to amend may be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)); *see also Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 148 n.4 (2d Cir. 2020) ("[L]eave to amend should be freely given unless there is 'any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" (quoting *Foman v. Davis*, 371 U.S. 178, 182–83 (1962))). "[I]t is within the sound discretion of the district court to grant or deny leave to amend." *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 447 (2d Cir. 2019) (quoting *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018)).

The R&R correctly concludes that some of Plaintiff's claims cannot be asserted against Defendant Coulibaly-Doucoure. Accordingly, the Court accepts and adopts the R&R's recommendation that Plaintiff's pregnancy discrimination claims, failure to accommodate claims, and hostile work environment claims against Defendant Coulibaly-Doucoure under Title VII, the Pregnancy Discrimination Act (the "PDA"), and the New York State Human Rights Law (the "NYSHRL") be dismissed with prejudice. The Court further accepts and adopts the R&R's recommendation that Plaintiff's disability discrimination claim against Defendant Coulibaly-Doucoure under the NYSHRL and Plaintiff's retaliation claims against Defendant Coulibaly-Doucoure under Title VII, the PDA, and the Americans with Disabilities Act (the "ADA") be dismissed with prejudice. Consistent with the R&R's recommendation, Plaintiff's failure to

accommodate and hostile work environment claims against Baly Cleaning Services under Title VII and the PDA are dismissed without prejudice, with leave to amend. Plaintiff may file an amended complaint to replead these claims and cure the deficiencies articulated in the R&R no later than thirty days after the date of service of this order.

For the reasons articulated in the R&R, Defendants' motion to dismiss, Dkt. No. 21, is GRANTED IN PART and DENIED IN PART. Plaintiff's pregnancy discrimination claims, failure to accommodate claims, and hostile work environment claims against Defendant Coulibaly-Doucoure under Title VII, the PDA, and the NYSHRL are dismissed with prejudice. Plaintiff's disability discrimination claim against Defendant Coulibaly-Doucoure under the NYSHRL and Plaintiff's retaliation claims against Defendant Coulibaly-Doucoure under Title VII, the PDA, and the ADA are dismissed with prejudice. Plaintiff's failure to accommodate and hostile work environment claims against Baly Cleaning Services under Title VII and the PDA are dismissed without prejudice. Plaintiff is granted leave to amend the complaint to cure the deficiencies identified in the R&R with respect to these claims. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 21.

SO ORDERED.

Dated: August 22, 2024
New York, New York

_____
GREGORY H. WOODS
United States District Judge